**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES DZIEDZIC and KIMBERLY DZIEDZIC, h/w | : |
| *Plaintiffs* | : |
| v. | : |
| UNITED RENTALS, INC. | : |
| and | : |
| CNH INDUSTRIAL AMERICA, LLC, d/b/a CASE CONSTRUCTION | : |
| and | : |
| JOHN DOES 1-20, | : |
| *Defendants* | : **JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

**I.   PRELIMINARY STATEMENT**

1. This is a claim against Defendants, United Rentals, Inc., and CNH Industrial America, LLC, d/b/a Case Construction and John Does 1-20 for personal injuries caused to Plaintiff, James Dziedzic.

**II.   PARTIES**

2. Plaintiff, James Dziedzic, is an adult individual and citizen of the Commonwealth of Pennsylvania.

3. Plaintiff, Kimberly Dziedzic is an adult individual and citizen of the Commonwealth of Pennsylvania.

4. Defendant, CNH Industrial America, LLC d/b/a Case Construction (hereinafter referred to as "Case Construction"), upon all information and belief, was and is now a business

entity, believed to be a limited liability company, duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Wisconsin at 621 State Street, Racine, WI 53402.

5. Defendant, United Rentals Inc., upon all information and belief, was an is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Connecticut at 100 First Stamford Place, Suite 700, Stamford, CT 069080.

6. Defendants, John Does 1-20, are individuals, corporations, or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, sold, supplied, repaired, serviced, modified, leased, maintained and/or distributed the subject excavator involved in Plaintiff's accident.

### III. JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and/or omissions giving rise to the within claims occurred within the district and because Defendants are subject to personal jurisdiction within the district.

### IV. FACTUAL ALLEGATIONS

10. At all times relevant hereto, Defendants acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were,

in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendants.

11. At all times prior to February 16, 2019, Defendant, Case Construction, was regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, modifying, renting, leasing, providing safety recommendations and/or selling excavators such as the subject excavator, a CASE excavator (Model CX130C, Serial No. NFS6D1369), and the component parts thereto, including all instruction manuals and associated warnings.

12. At all times prior to February 16, 2019, Defendant, United Rentals Inc., designed, manufactured, assembled, inspected, installed, marketed, modified, maintained, rented, leased, provided safety recommendations and/or sold the subject excavator, and its component parts thereto, including all instruction manuals and associated warnings.

13. At all times prior to February 16, 2019, Defendant, John Does 1-20, designed, manufactured, assembled, inspected, installed, marketed, modified, maintained, rented, leased, provided safety recommendations and/or sold the subject excavator, and its component parts thereto, including all instruction manuals and associated warnings.

14. On or about February 16, 2019, Plaintiff was lawfully present at the PP&L Substation at 1925 Mountain Avenue, South Williamsport, PA as he was working in the course and scope of his employment with Matrix NAC as a ground hand.

15. The subject excavator included an attachment secured by a safety pin with a metal handle. The location of the pin on the excavator created a hazard to anyone such as Plaintiff who attempted to remove the safety pin from the subject excavator. The safety pin was not

safeguarded to prevent worker access while the excavator was in operation as required by code, statute, and good safety engineering practice.

16. On or about February 16, 2019, Plaintiff was in the course and scope of his employment, when, due to the negligence and wrongdoing of Defendants, and the defective condition of the aforementioned excavator, Plaintiff attempted to remove the metal safety pin, when suddenly and without warning, the Plaintiff experienced a traumatic amputation of the middle and ring fingers of his right hand, and further causing him to suffer severe and grievous injuries more fully set forth below.

## COUNT I
## JAMES DZIEDZIC v. CNH INDUSTRIAL AMERICA, LLC
## d/b/a CASE CONSTRUCTION
## PRODUCTS LIABILITY – STRICT LIABILITY

17. Plaintiff hereby incorporates by reference paragraphs one (1) through sixteen (16), inclusive, as though same were fully set forth at length herein.

18. Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

19. The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid excavator and its component parts, including, but not limited to:

    a. carelessly and negligently distributing, supplying, installing, designing, manufacturing, modifying and/or selling the subject excavator and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

b. carelessly and negligently distributing, supplying, installing, modifying, designing and/or manufacturing the product with a pinch point likely to cause injury to end users;

c. carelessly and negligently failing to implement appropriate safety mechanisms to prevent against the type of injury suffered by Plaintiff;

d. failing to reasonably foresee that subsequent alterations would be made to the subject product, rendering the subject product unreasonably unsafe to users;

e. carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

f. failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, modification, design, supply, lease and/or sale of the said excavator and its component parts;

g. failing to ensure that the subject excavator and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

h. failing to include industry-recognized safety specifications in the design of the excavator;

i. failing to warn purchasers and end users of the dangers of the subject excavator; and

j. such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

20. The accident described herein was due in no manner to negligence on the part of the Plaintiff.

21. At all times relevant hereto, Defendant's aforesaid excavator and its component parts were defective and unsafe for consumer use.

22. At all times relevant hereto, there were latent defects in the Defendant's aforesaid excavator and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

23. The Defendant distributed and sold the aforesaid excavator and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

24. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

25. As a direct and proximate result of the defective nature and condition of the aforementioned excavator and/or its component parts, Plaintiff, James Dziedzic, suffered severe and permanent bodily injuries including, but not limited to, a traumatic amputation of the middle and ring fingers of his right hand.

26. As a result of the aforesaid strict liability of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

27. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

28. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

29. As a further result of the aforesaid accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function,

dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

30. In addition, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

31. As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, CNH Industrial America, LLC d/b/a Case Construction, in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT II
## JAMES DZIEDZIC v. CNH INDUSTRIAL AMERICA, LLC
## d/b/a CASE CONSTRUCTION
## PRODUCTS LIABILITY – NEGLIGENCE

32. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-one (31) of the within Complaint as though the same had been fully set forth at length herein.

33. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid excavator, and to sell/distribute that product in a reasonably safe condition.

34. The Defendant was negligent in designing, manufacturing, assembling, modifying, marketing, installing, and distributing the defectively designed and manufactured excavator, in general, and in particular, as set forth in paragraph 19 above, which is hereby incorporated by reference.

35. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

36. As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, CNH Industrial America, LLC d/b/a Case Construction, in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT III
## JAMES DZIEDZIC v. CASE CONSTRUCTION EQUIPMENT, INC.
## BREACH OF WARRANTY

37. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-six (36) of the within Complaint as though the same had been fully set forth at length herein.

38. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the excavator was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

39. As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, CNH Industrial America, LLC d/b/a Case Construction, in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT IV
## JAMES DZIEDZIC v. UNITED RENTALS, INC.
## PRODUCTS LIABILITY – STRICT LIABILITY

40.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-nine (39), inclusive, as though same were fully set forth at length herein.

41.     Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

42.     The accident described herein was caused solely and exclusively by the defective nature of the product, as set forth in Paragraph 19 above, which is hereby incorporated by reference.

43.     The accident described herein was due in no manner to negligence on the part of the Plaintiff.

44.     At all times relevant hereto, Defendant's aforesaid excavator and its component parts were defective and unsafe for consumer use.

45.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid excavator and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

46.     The Defendant distributed and sold the aforesaid excavator and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

47. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

48. As a result of the strict liability of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, United Rentals, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT V
## JAMES DZIEDZIC v. UNITED RENTALS, INC.
## PRODUCTS LIABILITY – NEGLIGENCE

49. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-eight (48) of the within Complaint as though the same had been fully set forth at length herein.

50. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in leasing/renting the aforesaid excavator, and to supply the product in a reasonably safe condition.

51. The Defendant was negligent in leasing/renting/supplying the defectively designed and manufactured excavator, in general, and in particular, as set forth in paragraph 19 above, which is hereby incorporated by reference.

52. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

53. As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, United Rentals, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT VI
### JAMES DZIEDZIC v. UNITED RENTALS, INC.
### BREACH OF WARRANTY

54. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-three (53) of the within Complaint as though the same had been fully set forth at length herein.

55. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the excavator was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

56. As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, United Rentals, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT VII
### JAMES DZIEDZIC v. JOHN DOES 1-20
### PRODUCTS LIABILITY – STRICT LIABILITY

57. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-six (56), inclusive, as though same were fully set forth at length herein.

58. Defendant placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer

and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

59. The accident described herein was caused solely and exclusively by the defective nature of the product, as set forth in Paragraph 19 above, which is hereby incorporated by reference.

60. The accident described herein was due in no manner to negligence on the part of the Plaintiff.

61. At all times relevant hereto, Defendant's aforesaid excavator and its component parts were defective and unsafe for consumer use.

62. At all times relevant hereto, there were latent defects in the Defendant's aforesaid excavator and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

63. The Defendant distributed and sold the aforesaid excavator and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

64. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

65. As a result of the strict liability of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, John Does 1-20 in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT VIII
### JAMES DZIEDZIC v. JOHN DOES 1-20
### PRODUCTS LIABILITY – NEGLIGENCE

66. Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-six (66) of the within Complaint as though the same had been fully set forth at length herein.

67. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in leasing/renting the aforesaid excavator, and to supply the product in a reasonably safe condition.

68. The Defendant was negligent in leasing/renting/supplying the defectively designed and manufactured excavator, in general, and in particular, as set forth in paragraph 19 above, which is hereby incorporated by reference.

69. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

70. As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, John Does 1-20 in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT IX
### JAMES DZIEDZIC v. JOHN DOES 1-20
### BREACH OF WARRANTY

71. Plaintiff hereby incorporates by reference paragraphs one (1) through seventy (70) of the within Complaint as though the same had been fully set forth at length herein.

72. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the excavator was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

73. As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-one (31) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, James Dziedzic, demands judgment against the Defendant, John Does 1-20 in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

## COUNT X
### KIMBERLY DZIEDZIC v. ALL DEFENDANTS
### LOSS OF CONSORTIUM

74. Plaintiff hereby incorporates by reference paragraphs one (1) through seventy-three (73) of the within Complaint as though the same were fully set forth at length herein.

75. As a further result of the incident described herein, Plaintiff, Kimberly Dziedzic, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff James Dziedzic, to which she is legally entitled.

76. As a further result of the incident described herein, Plaintiff, Kimberly Dziedzic, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendant's negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Kimberly Dziedzic, demands judgment against Defendants, in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

**SWARTZ CULLETON PC**

By:   /s/Brandon A. Swartz
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
Maria K. McGinty-Ferris, Esquire

*Attorneys for Plaintiff,*
James Dziedzic

Date: November 26, 2019